## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

George C. Young U.S. Courthouse
and Federal Building
Office of the Clerk
401 W. Central Boulevard, Suite 1200
Orlando, Florida 32801-0120
407/835-4200

Sheryl L. Loesch
Clerk

Laura Barsamian
Orlando Division Manager

October 11, 2007

Ms. Victoria C. Minor, Clerk
United States District Court
4-200 Robert T. Matsui
 United States Courthouse
501 I Street
Sacramento, CA 95814-7300

RE:   MDL-1769 – In Re: Seroquel Products Liability Litigation

Dear Ms. Minor:

Enclosed is one certified copy of an order filed by the Panel under 28 U.S.C. § 1407. Section 1407 requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." A copy of Rule 1.6, R.P.J.P.M.L., 120 F.R.D. 251, which deals specifically with the transfer of files, is enclosed for your convenience.

Please send your original cases and a certified copy of the docket sheet to:

U.S. District Court
401 W. Central Blvd., Suite 1200
Orlando, FL 32801-0120

Due to the large volume of cases on this Conditional Transfer Order, it would be very much appreciated if you could be sure to reference the Middle District of Florida's case number on each of your cases. If you have any questions, please contact me at 407-835-4203.

Sincerely,

Mollie A. Pleicones, Deputy Clerk

Enclosures
c:   Jeffery N. Lüthi, Clerk, MDL Panel

| CASE STYLE | EDCA CASE NUMBER | MD FL CASE NUMBER |
|---|---|---|
| George v. AstraZeneca | 2:07-cv-1702 | 6:07-cv-1610-Orl-22-DAB |

A CERTIFIED TRUE COPY
OCT - 3 2007
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 17 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
Date 10/a/07  2:40 Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN RE: SEROQUEL PRODUCTS LIABILITY
LITIGATION
Tammy George v. AstraZeneca Pharmaceuticals, LP, et al.,
  E.D. California, C.A. No. 2:07-1702
David White v. AstraZeneca Pharmaceuticals, LP,
  N.D. Illinois, C.A. No. 1:07-4316

MDL No. 1769

## CONDITIONAL TRANSFER ORDER (CTO-39)

On July 6, 2006, the Panel transferred 87 civil actions to the United States District Court for the Middle District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 447 F.Supp.2d 1376 (J.P.M.L. 2006). Since that time, 368 additional actions have been transferred to the Middle District of Florida. With the consent of that court, all such actions have been assigned to the Honorable Anne C. Conway.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Florida and assigned to Judge Conway.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle District of Florida for the reasons stated in the order of July 6, 2006, and, with the consent of that court, assigned to the Honorable Anne C. Conway.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Florida. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

OCT - 3 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: Deputy Clerk

RULE 1.6:   TRANSFER OF FILES

(a)   Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and certified copy of the docket sheet for each transferred action.

(b)   If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. § 1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. § 1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)   If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)   Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and sent to the clerk of the transferor district court the following:
    (i)   a certified copy of the individual docket sheet for each action being remanded;
    (ii)   a certified copy of the master docket sheet, if applicable;
    (iii)   the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
    (iv)   a certified copy of the final pretrial order, if applicable; and
    (v)   a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have ben stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)   The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.